The next case on our calendar is Khalil v. Pratt Institute. Do we have the attorneys? Thank you. We see, ah, you're both there. Excellent. Mr. Khalil, you have five minutes. Thank you. Good afternoon, Your Honor. May I appease the court? My name is Adele Khalil. Mailing address is at P.O. Box 0644 Mastic Beach, New York 11951. I'm a pro se litigant representing myself, the appellant. The reason citing for the dismissal on 6-17-2019 from the Eastern District of New York District Court was the timeliness of the complaint. I'm arguing today that the collective defendants are gaslighting the court. New York State Consolidated Law 208 is not a requisite for this case to move forward. Gaslighting is a defense mechanism used by attorneys to manipulate and keep control over the court. We are not pleading tolling under 208, and that is not my argument. I believe the district judge had misconstrued the tolling doctrines. Most definitely, the complaint embodies tolling through the defendant liable under 42 U.S.C. 1985, the entwinement or the ongoing harassment with the New York City Department of Investigations, Brandon Walls, Investigator Brandon Walls, and Eliza Compliment, badge number 297. Just yesterday, in disciplinary hearings at my place of employment, while discrimination at a place of public accommodation with ongoing retaliation for my protective action of 11-29-2016 and my ongoing problems with arrests from the Queens District Attorney and warrant, I believe would toll the lawsuit. The latest act, actually, New York State Mental Hygiene Law 9.41 policy enforced by the City of New York was conducted on August 18, 2018. Today is August 20, 2020. The expiration of the claim would have been two days ago. So the complaint absolutely embodies tolling through the continued violations doctrine since the tolling would have expired on August 18, which is, again, two days ago. Also, in secondary, the doctrine of equitable stopple applies when on April 25, 2012, Mr. James Lebeau, my former attorney, and on November 27, 2013, federal agent Steve Burns, both are named defendants, deceived by fraud and misrepresentations on matters regarding the New York State Department of Education Office of Civil Rights investigation. The actual statute of limitations would expire two years after the Department of Education had concluded their investigation, which was May 15, 2012. Counselor, your time has expired. We, of course, have your papers. And you've reserved two minutes for rebuttal. Thank you. I will allow you to have that. We'll hear from Pratt Institute. Good afternoon, Your Honors. May it please the court, my name is Haley Dyer from Collin and Desmond. Unless Your Honors have any questions, Appellee Defendant Pratt Institute will rest on its feet. Thank you. Mr. Khalil, you're back for your two minutes right now. Oh, well, I just, I would just like to say that, that a proper discovery, without a proper, a proper discovery would be an injustice. Since to myself, as the appellant, I think just looking at the history of the college and their civil rights wrongdoings, Kathy Dunn, she was a former, a former professor of mine. And I'm being accused of failing, failing this class. I mean, she, she, she, she awarded me with an A. She filed a work sex discrimination suit against the university and situations surrounding Brittany Holtzman and her Section 504 disability discrimination claim. Michael Ramos, who had an unfortunate death on campus. It's just, these just negligent, negligent acts by the school. It's, there's been evidence of sufficient state action to state a claim on its face against the private university and there's merit to the claim. So we are, we are, we are kindly asking the court to overturn the district court's ruling on the timeliness of this complaint as it relates to New York State CPLR 208. And I would just like, thank you for your time. Thank you. Thank you both. We'll reserve decision.